UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                Criminal No. 14-303 DWF/JJK

          Plaintiff,

v.                                                                        **REPORT AND RECOMMENDATION**

(2) Milton Eugene Ingram,
(3) Johnny Martell Brown, and
(8) Deon Terrance Fisher,

          Defendants.


      Jeffrey S. Paulsen, Esq., Assistant United States Attorney, for the
          Plaintiff, United States of America;
      Matthew J. Mankey, Esq., for Defendant Milton Eugene Ingram;
      James R. Behrenbrinker, Esq., for Defendant Johnny Martell Brown; and
      Michael J. Colich, Esq., for Defendant Deon Terrance Fisher.


This action came on for hearing before the Court, Magistrate Judge Jeffrey J. Keyes, on December 19, 2014, at the U.S. Courthouse, 316 North Robert Street, St. Paul, MN 55101. This Court issued an Order on Motions dated January 5, 2015, reserving motions for severance of defendants and suppression of statements for submission to the District Court on Report and Recommendation.

Based on the file and documents contained therein, along with the motions and memoranda of counsel, and an exhibit received at the hearing, this Court makes the following:

**FINDINGS**[1]

**Fisher Statements**. A United States Drug Enforcement Agency law enforcement officer identified as "Chris," and a local drug task force member identified as Detective House, conducted an in-custody interview with Defendant Deon Terrance Fisher in regards to the indictment charges in this case. The *Miranda* rights advisory was given to Fisher before the officers commenced questioning about the alleged offense. The interview was audio recorded; it began at approximately 10:10 a.m.; and it lasted approximately 41 minutes (Hr'g. Ex. 1). No threats or promises were made to Defendant during the interview to induce his cooperation, and he did not request the assistance of counsel or that questioning cease.

Based upon the foregoing Findings and the record in this case, this Court makes the following:

**CONCLUSIONS**

**Fisher Statements.** Defendant Fisher's statements to a DEA officer and Detective House in an interview conducted prior to Defendant's initial appearance on September 30, 2014, were provided voluntarily and were not obtained in

---

[1] The factual findings in this Report and Recommendation are based exclusively on this Court's review of an audio recording of the interview that was received as a hearing exhibit, along with inferences based upon information provided in the records, *i.e.* the interview took place on the same day as Defendant Deon Terrance Fisher's initial appearance in federal court, September 30, 2014.

violation of Defendant's constitutional rights  (Hr'g. Ex. 1).  Fisher was properly advised and was able to understand and comprehend his rights pursuant to *Miranda* as accurately presented to him by the interviewing officers.  He was not subjected to force, threats, or promises in exchange for his statements.  He effectively waived his right to remain silent and his right to the assistance of counsel, and he made no request that questioning be stopped or that he be provided an attorney.  Upon considering the totality of circumstances, the court concludes that Fisher knowingly, intelligently, and voluntarily waived his right to remain silent and his right to have an attorney present during questioning.  Suppression of Fisher's interview statements is not required.

**Severance.**  Defendants Johnny Martell Brown and Milton Eugene Ingram move for severance of defendants, each requesting that he receive a separate trial from his co-defendants.  (Doc. Nos. 71 and 138.)  In his motion, Brown asserts that statements by co-defendants may be used against him and that he may be unable to cross-examine co-defendants in a joint trial.  Defendant Ingram generally asserts improper joinder of defendants and counts, jury difficulty in distinguishing the alleged acts of each defendant, and possible introduction of evidence that would be inadmissible against certain defendants in separate trials of defendants and counts.  The government opposes the motions, asserting the strong policy favoring joint trials in conspiracy cases and the ability to redact incriminating references that might cause evidentiary issues.

Two or more defendants may be charged in the same indictment if they are alleged to have participated in the same transaction or series of incidents constituting an offense or offenses. Fed. R. Crim. P. 8(b). "There is a preference in the federal system for joint trials of defendants who are indicted together . . . [because] they promote efficiency and serve the interests of justice by avoiding the scandal and inequality of inconsistent verdicts." *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (internal quotation marks and citations omitted). Persons charged with conspiracy should generally be tried together, and it will rarely be improper to join co-conspirators in a single trial. *United States v. Kindle*, 925 F.2d 272, 277 (8th Cir. 1991); *United States v. Stephenson*, 924 F.2d 753, 761 (8th Cir. 1991), *cert. denied*, 502 U.S. 813 (1991).

Here, Defendants Johnny Martell Brown and Milton Eugene Ingram, along with the other defendants in this case, have been indicted in a one-count indictment on a charge of conspiracy to distribute heroin. (Doc. No. 1.) Under these circumstances, the general rule in the federal system is that the co-conspirators should be tried together. *See* Fed. R. Crim. P. 8(b).

The Defendants in this case were properly joined under Rule 8 and there is no requirement for severance based on misjoinder. Rule 14 severance is a remedy for prejudice that may develop during trial, and the decision on a Rule 14 motion for severance lies within the sound discretion of the trial court. *United States v. Robaina*, 39 F.3d 858, 861 (8th Cir. 1994). The record in this matter

offers no compelling indication as to how any defendant is prejudiced by joinder with another defendant in this case, particularly to the extent necessary to overcome the preference for joinder of defendants in conspiracy cases. Specifically, it is not patently apparent that a jury would be unable to distinguish and apply the evidence relating to one defendant from evidence relating to another defendant, and there has not been a persuasive particularized showing that a joint trial will prevent introduction of exculpatory evidence or will allow introduction of otherwise inadmissible evidence with respect to any defendant. A defendant is not entitled to severance "simply because evidence may be admissible as to [a co-defendant] but not as to him." *United States v. Helmel*, 769 F.2d 1306, 1322 (8th Cir. 1985). The values of justice and efficiency gained by joint trials cannot be overcome without a more exacting showing by Defendants Brown and Ingram.

The court further concludes that with the assistance of instructions from the trial court the jury will be fully able to distinguish the acts of each defendant from the acts of the other defendants so as to avoid prejudice to any of them. Severance is a remedy that can be provided at the time of trial if appropriate under the circumstances. At present, there has been no showing to support a recommendation for severance of defendants. With regard to severance of counts, the indictment alleges only the one conspiracy charge. The motion to sever counts is moot.

Based on the foregoing Findings and Conclusions, this Court makes the following:

## RECOMMENDATION

It is **Hereby Recommended** that:

1.  Defendant (3) Johnny Martell Brown's Motion to Sever Defendant be **DENIED**  (Doc No. 71);

2.  Defendant (2) Milton Eugene Ingram's Motion for Severance be **DENIED**  (Doc No. 138); and

3. Defendant (8) Deon Terrance Fisher Motion for Suppression of Admissions or Confessions be **DENIED**  (Doc No. 82).


Dated:    January 5, 2015

  s/*Jeffrey J. Keyes*
Jeffrey J. Keyes
United States Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **January 19, 2015**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within **fourteen days** after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This

Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.